IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>    Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

**ANSWER AND DEFENSES OF VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR. AND COUNTERCLAIM**

COME NOW, VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR., defendants in the above-entitled action, and, in answer to Plaintiffs Verified Complaint For Declaratory Judgment and Injunctive Relief, show, as follows:

**FIRST DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Superior Court of Thomas County is an improper venue for this action.

## THIRD DEFENSE

The Superior Court of Thomas County lacks personal jurisdiction over these defendants.

## FOURTH DEFENSE

Plaintiff has failed to join an indispensable party.

## FIFTH DEFENSE

Plaintiff has unclean hands and is not entitled to declaratory, injunctive, or equitable relief.

## SIXTH DEFENSE

This same action was previously filed and currently pending in the Chancery Court of the State of Delaware as Civil Action Number 2020-0762- SG; consequently, this action should be stayed.

## SEVENTH DEFENSE

Plaintiff is not entitled to equitable relief, as Plaintiff has an adequate remedy at law.

## EIGHTH DEFENSE

Defendants have fulfilled all of their duties under section 4.2(b) of the Limited Liability Company Agreement of Goodenow LLC dated April 30, 2012 (the "Operating Agreement").

## NINTH DEFENSE

(Responsive Answer)

**Jurisdiction and Venue**

1. Paragraph 1 of the complaint is admitted.

2. Paragraph 2 of the complaint is admitted.

3. Paragraph 3 of the complaint is denied.

4. Defendants neither admit nor deny the truth of the allegations contained in paragraph 4 of the complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

5. Paragraph 5 of the complaint is admitted.

6. Paragraph 6 of the complaint is denied.

7. Paragraph 7 of the complaint is denied.

8. Paragraph 8 of the complaint is denied.

## Factual Background

9. Paragraph 9 of the complaint is admitted.

10. Paragraph 10 of the complaint is admitted.

11. Paragraph 11 of the complaint is admitted.

12. Paragraph 12 of the complaint is admitted.

13. Paragraph 13 of the complaint is denied.

14. Paragraph 14 of the complaint is denied.

15. Defendants admit PGR was survived by three brothers: Richard, Francis and Henry. Then remaining allegations in Paragraph 15 are denied.

16. Paragraph 16 of the complaint is admitted.

17. Paragraph 17 of the complaint is admitted.

18. Defendants neither admit nor deny the truth of the allegations contained in paragraph 18 of the complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

19. Paragraph 19 of the complaint is denied.

20. Defendants admit on September 29, 2011, Philip's executor formed Goodenow LLC, a Delaware limited liability company to serve as the holding entity for all of the real estate PGR included in his trust. Defendants neither admit nor deny the truth of the remaining allegations contained in paragraph 20 of the complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof. Defendants further refer to the documents themselves regarding the precise matter of distribution of property.

21. Paragraph 21 of the complaint is denied. Defendants refer to the documents themselves regarding the precise matter of distribution of property.

22. Paragraph 22 of the complaint is denied.

23. Paragraph 23 of the complaint is admitted.

24. Paragraph 24 of the complaint is denied. The language of the Operating Agreement will speak for itself.

25. Defendants admit the Executor's Deed of Assent is recorded in the real property records of Thomas County at Deed Book 1765, Page 85 on May 18, 2012, and is attached to the Complaint as Exhibit E. The remaining allegations contained in Paragraph 25 are denied.

26. Defendants admit the lease was entered into between RCR as himself and as the then Goodenow Manager. The remaining allegations contained in paragraph 26 of the complaint are denied.

27. Paragraph 27 of the complaint is admitted.

28. Defendants admit RCR passed away on September 23, 2019. The remaining allegations contained in paragraph 28 of the complaint are denied, and Defendants defer to the documents with regard to the precise distribution of property.

29. Paragraph 29 of the complaint is denied.

30. Paragraph 30 of the complaint is denied.

31. Defendants admit the PGR Trust dissolved. The remaining allegations contained in Paragraph 31 of the complaint are denied.

32. Defendants admit after RCR's death the sisters appointed themselves as Successor Managers of Goodenow, pursuant to section 4.1(c) of the operating agreement. The remaining allegations contained in paragraph 32 of the complaint are denied.

33. Defendants admit the property has not been distributed per stirpes. The remaining allegations contained in paragraph 33 of the complaint are denied.

34. Defendants admit, prior to RCR's death, Goodenow held no bank account, expended no funds, and had no employees. The remaining allegations contained in paragraph 34 of the complaint are denied.

35. Paragraph 35 with the complaint is denied.

36. Paragraph 36 of the complaint is denied.

37. Defendants admit they refuse to acknowledge the Sisters share title to Winnstead as tenants in common. The remaining allegations contained in paragraph 37 of the complaint are denied.

38. Paragraph 38 of the complaint is admitted.

39. Paragraph 39 of the complaint is admitted.

40. Defendants admit the marketing proposal is attached as Exhibit G. The remaining allegations contained in Paragraph 40 of the complaint are denied.

41. Paragraph 41 of the complaint is denied.

42. Paragraph 42 of the complaint is denied.

43. Paragraph 43 of the complaint is denied.

44. Paragraph 44 of the complaint is denied.

45. Paragraph 45 of the complaint is denied.

46. Defendants admit only Goodenow should be listed on the proposed contract as seller. The remaining allegations contained in paragraph 46 of the complaint are denied.

47. Defendants admit Plaintiff refused to sign the listing agreement. The remaining allegations contained in paragraph 47 of the complaint are denied.

48. Paragraph 48 of the complaint is denied.

49. Paragraph 49 of the complaint is denied.

50. Paragraph 50 of the complaint is denied.

51. Defendants neither admit nor deny the truth of the allegations contained in paragraph 51 of the complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

52. Paragraph 52 of the complaint is denied.

53. Paragraph 53 of the complaint is denied.

54. Paragraph 54 of the complaint is denied.

55. Defendants admit the operational costs for all the properties total over $1 million annually, as they did during their father's lifetime, and Defendants have extended

credit to Goodenow to pay those costs. The remaining allegations contained in Paragraph 55 of the complaint are denied.

56. Paragraph 56 of the complaint is denied.

57. Paragraph 57 of the complaint is denied.

58. Paragraph 58 of the complaint is denied.

59. Paragraph 59 of the complaint is denied.

60. Paragraph 60 of the complaint is denied.

61. Defendants neither admit nor deny the truth of the allegations contained in paragraph 61 of the complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

62. Paragraph 62 of the complaint is denied.

63. Paragraph 63 of the complaint is denied.

64. Paragraph 64 of the complaint is denied.

## Count I – Declaratory Judgment

65. Defendants reallege and incorporate their responsive answers to paragraphs 1 through 64 as if fully set forth herein.

66. Paragraph 66 of the complaint is denied.

67. Paragraph 67 of the complaint is denied.

68. Paragraph 68 of the complaint is denied.

69. Paragraph 69 of the complaint is denied.

70. Defendants neither admit nor deny the truth of the allegations contained in paragraph 70 of the complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

## Count II – Injunctive Relief

71. Defendants reallege and incorporate their responsive answers to paragraphs 1 through 70 as if fully set forth herein.

72. Paragraph 72 of the complaint is denied.

73. Paragraph 73 of the complaint is denied.

74. Paragraph 74 of the complaint is denied.

75. Paragraph 75 of the complaint is denied.

76. Defendants neither admit nor deny the truth of the allegations contained in paragraph 76 of the complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof, and each and every other allegation of plaintiff's complaint not heretofore admitted nor denied is hereby denied.

77. Each and every other allegation set forth in the complaint not specifically responded to above is hereby denied.

WHEREFORE, Defendants having responded fully two pointers complaint hereby demand judgment in their favor with all costs cast upon plaintiff.

This 18th day of August, 2021.

109 S. Ashley Street
Valdosta, GA  31601
(229) 242-7562
(229) 333-0885 facsimile
Greg.talley@colemantalley.com
Beau.howell@colemantalley.com
Kayla.barnes@colemantalley.com

**COLEMAN TALLEY LLP**

/s/ Gregory T. Talley
Gregory T. Talley
Georgia Bar No. 696705
A.A. Howell, IV
Georgia Bar No. 689955
Kayla H. Barnes
Georgia bar No. 301948

4813-3614-4630, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>    Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

## VERIFICATION

PERSONALLY APPEARED, **VINA E. RUST,** who, upon being duly sworn, deposes and says the contents to the above **ANSWER AND DEFENSES OF VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR.** are true and correct.

_____
Vina E. Rust

Sworn to and subscribed before
Me this 17 day of August, 2021.

_____
Notary Public

JOHN M AMES
Notary Public
State of Washington
Commission # 206045
My Comm. Expires Mar 24, 2023

My commission expires: 03/24/2023

4833-5734-3221, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>    Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

**VERIFICATION**

PERSONALLY APPEARED, **CHAKDHARI A. RUST,** who, upon being duly sworn, deposes and says the contents to the above **ANSWER AND DEFENSES OF VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR.** are true and correct.

_____
Chakdhari A. Rust

Sworn to and subscribed before
Me this 17th day of August, 2021.

**Notary Certificate Attached**

Notary Public Gretchen Hill

My commission expires: 2-12-2025

4833-5734-3221, v. 1

# CALIFORNIA JURAT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  )
County of Sonoma  )

Subscribed and sworn to (or affirmed) before me on this 17th day of August, 20 21, by Chakdhari Anissa Rust,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal) GRETCHEN HILL
COMM. # 2346523
NOTARY PUBLIC - CALIFORNIA
SONOMA COUNTY
COMM. EXPIRES FEB. 12, 2025

Signature: Gretchen Hill, Notary Public

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

**Description of Attached Document**

This certificate is attached to a document titled/for the purpose of

US District Court for the middle District of Georgia Valdosta Division

containing 12 + Notary Page pages, and dated 8/17/2021

**Method of Affiant Identification**

Proved to me on the basis of satisfactory evidence:
☒ form(s) of identification  ☐ credible witness(es)
Ca. driver license

Notarial event is detailed in notary journal on:
Page # 11   Entry # 5

Notary contact: Gretchen Hill
Other: Notary Public
☐ Affiant(s) Thumbprint(s)  ☐ Describe:

© Copyright 2007-2018 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507  All Rights Reserved    Item Number 101884   Please contact your Authorized Reseller to purchase copies of this form

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>    Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day mailed a copy of the foregoing *ANSWER AND DEFENSES OF VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR.* in an envelope properly addressed and with sufficient postage thereon for delivery, to:

> Frank Faison Middleton, IV
> Watson Spence LLP
> P.O. Box 2008
> 320 W. Residence Ave.
> Albany, Georgia 31702-2008

This 18th day of August, 2021.

| | |
|---|---|
| 109 S. Ashley Street<br>Valdosta, GA  31601<br>(229) 242-7562<br>(229) 333-0885 facsimile<br>Greg.talley@colemantalley.com<br>Beau.howell@colemantalley.com<br>Kayla.barnes@colemantalley.com | **COLEMAN TALLEY LLP**<br><br>*/s/ Gregory T. Talley*<br>Gregory T. Talley<br>Georgia Bar No. 696705<br>A.A. Howell, IV<br>Georgia Bar No. 689955<br>Kayla H. Barnes<br>Georgia bar No. 301948 |