IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| PIMPAKTRA RUST | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE |
| | : | NO.: 7:21-cv-00105 |
| VINA ELISE RUST, | : | |
| CHAKDHARI ANISSA RUST, individually | : | |
| and as Co-Executors of the ESTATE OF | : | |
| RICHARD C. RUST, successor in interest as | : | |
| executor of the ESTATE OF PHILLIP G. RUST: | | |
| JR., and THE BRYN MAWR TRUST | : | |
| COMPANY OF DELAWARE, a limited | : | |
| purpose trust company, in its capacity as | : | |
| trustee of the trusts created for the benefit | : | |
| of Richard C. Rust under agreement dated | : | |
| July 10, 1953, as amended | : | |
| | : | |
| DEFENDANTS. | : | |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT THE BRYN MAWR TRUST COMPANY OF DELAWARE'S MOTION TO DISMISS**

COMES NOW Plaintiff and files her response brief in opposition to Defendant The Bryn Mawr Trust Company of Delaware's ("BMTC") Motion to Dismiss, showing the Court as follows:

**PRELIMINARY STATEMENT**

BMTC has moved to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim upon which relief can be granted, that the Court does not have personal jurisdiction over BMTC, and the exercise of personal jurisdiction over BMTC would violate due process. After BMTC filed its motion, Plaintiff filed her Amended Complaint. The Amended Complaint supersedes Plaintiff's original pleadings and moots Defendant's motion to dismiss. Accordingly, and for the reasons stated below, the motion to dismiss should be denied.

00435357

### I.   FACTS RELEVANT TO BMTC'S MOTION TO DISMISS

The factual background related to Plaintiff's claims is more fully detailed in her Complaint, but the following facts are relevant to the instant motion: In this litigation Plaintiff seeks a declaratory judgment as to her rights with respect to real property located in Thomas County, Georgia. As alleged in Plaintiff's Complaint, BMTC is the successor trustee of the Philip G. Rust, Jr. Trust (the "Trust"). Complaint, ¶ 27. The trust property includes more than 900 acres of real property in Thomas County ("Property"). *Id.*, ¶ 9. By virtue of its status as trustee of the Trust, BMTC owns, uses, and/or possesses real property in Georgia.

Richard C. Rust, as Executor of the Estate of Philip G. Rust, Jr., deeded the Property to a shell entity (pass through accounting entity), Goodenow LLC, in contravention of the Trust. *Id.*, ¶ 25. Goodenow LLC was intended to exist solely during the pendency of the Trust for administrative purposes and because the person entitled to use the property and advise the trustee was the same. *Id.*, ¶ 59. The Trust provided for a life estate to Richard C. Rust, after which the principal was to be distributed per stirpes to the beneficiaries, including Plaintiff. *Id.*, ¶ 28. After the death of Richard C. Rust, BMTC attempted to distribute *membership interests* in Goodenow LLC to the beneficiaries, including Plaintiff, rather than a one-third undivided interest in the Property to the beneficiaries as tenants in common. *Id.*, ¶ 63. Two years have passed since the death of Richard C. Rust and BMTC has not distributed the Property per stirpes per the terms of the trust agreement as intended by the settlor. *Id.*, ¶ 33. Plaintiff seeks a declaration of her rights as to the Property, in which BMTC has an interest in its capacity as trustee of the Trust. As such, BMTC is a necessary party to this litigation under O.C.G.A. § 9-11-19.

BMTC suggests an alternative version of purported "facts" in its memorandum in support of the motion to dismiss. BMTC ignores the allegations related to the improper transfer of real

property to Goodenow LLC in contravention of the estate of Phillip G. Rust, Jr. and the Trust. *See* Complaint, ¶¶ 11-26. Clearly, the duties of BMTC as successor trustee with respect to the allegedly invalid conveyance of the real property in Thomas County, Georgia are implicated in Plaintiff's Complaint. Plaintiff clearly has a claim against BMTC for failing to honor its trustee duties, acting in contravention of the Trust, holding trust assets now, and attempting to dispose of such trust assets in a way that contravenes the Trust.

For the reasons discussed below, Plaintiff's Complaint does state a claim against BMTC, and the Court may exercise personal jurisdiction over BMTC. However, Plaintiff has filed an Amended Complaint, superseding the Complaint and the allegations made therein. The Amended Complaint includes a count for a declaratory judgment as to Plaintiff's right to the Property and BMTC's obligations as trustee with respect to disposition of the Property. *See generally*, Plaintiff's Amended Complaint. BMTC's motion to dismiss should be denied.

## II. ARGUMENT AND CITATION TO AUTHORITY

A. <u>Plaintiff's Amended Complaint Superseded the Complaint and BMTC's Motion to Dismiss is Moot</u>

Defendant's motion is moot and must be denied. Plaintiff, concurrently with this response, has filed her Verified Amended Complaint for Declaratory Judgment and Injunctive Relief. "An amended complaint supersedes an original complaint." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999). When the plaintiff amends her complaint, an earlier-filed motion to dismiss is moot. "[O]nce a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint." *Gulf Coast Recyling, Inc. v. Johnson Controls, Inc.*, 2008 WL 434880, *1 (M.D. Fla. Feb. 14, 2008) (citing *Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356 (11th Cir. 1982). *See also Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the

00435357

original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'")

Because Plaintiff filed her amended complaint after BMTC filed its motion to dismiss, the motion should be denied as moot. However, out of an abundance of caution, Plaintiff will respond to the arguments raised in BMTC's motion.

B. Standard on Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim must be denied where the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1251 (11th Cir. 2021) (quoting *Michel v. NYP Holdings, Inc.*, 816 F.3d 686 (11th Cir. 2016)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Coral Ridge* at 1251 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The Court "must accept all facts in the complaint as true and view those facts in the light most favorable to the plaintiff." *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018)).

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction and "the plaintiff's complaint and supporting evidence conflict" with any evidence presented by the defendant, "the court must construe all reasonable inferences in favor of the plaintiff." *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1257 (11th Cir. 2010).

C. This Court may Exercise Personal Jurisdiction Over BMTC Pursuant to Georgia's Long-Arm Statute

Contrary to BMTC's argument, the Court may exercise personal jurisdiction over BMTC pursuant to Georgia's long-arm statute, O.C.G.A. § 9-10-91. "A federal court sitting in diversity

undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal* at 1257-58. When applying Georgia's long-arm statute, the Court "must interpret and apply [it] in the same way as would the Georgia Supreme Court." *Id.* at 1258.

> The Georgia long-arm statute provides in relevant part as follows:
>
> A court of this state may exercise personal jurisdiction over any non-resident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she was a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state; or
>
> …
>
> (4) Owns, uses, or possesses any real property situated within this state[.]

O.C.G.A. § 9-10-91. Section 9-10-91(1) grants Georgia courts the "authority to exercise personal jurisdiction over any nonresident who transacts any business in this State . . . to the maximum extent permitted by procedural due process." *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames*, 279 Ga. 672, 676 (2005).

To "transact business" in Georgia, a defendant must have "purposefully done some act or consummated some transaction in Georgia," but the defendant "need not physically enter the state." *Diamond Crystal* at 1264 (quoting *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515 (2006)). Both "tangible" and "intangible" (i.e., mail, phone calls, etc.) acts must be considered when assessing whether the defendant "transacts business" in Georgia. Importantly, as opposed to other subsections of the long-arm statute, personal jurisdiction pursuant to § 9-10-91(1) is

00435357

appropriate where a "nonresident transact[s] *any* business in Georgia[.]"[1] *Innovative* at 676 n. 4 (emphasis in original). *See also Aero Toy Store* at 520 (a single event may be a sufficient basis if its effects within the forum state are substantial enough). A nonresident need not have "officers, employees, offices, or business affiliates in Georgia" to be deemed to transact business here. *Id.* at 523.

"Georgia has a manifest interest in providing redress in a controversy concerning the sale of real property situated in this state." *Lyons Mfg. Co., Inc. v. Gross*, 519 F. Supp. 812, 817 (S.D. Ga. 1981) (quoting *Cox v. Long*, 143 Ga. App. 182 (1977)). "Under the Long Arm Statute," a Georgia court "may exercise personal jurisdiction over a non-resident as if he was a resident of [Georgia] if such person owns, uses, or possesses any real property situated within this State." *Forrister v. Manis Lumber Co.*, 232 Ga. App. 370, 372 (1998). Personal jurisdiction pursuant to O.C.G.A. § 9-10-91(4) "applies if Plaintiff's causes of action arise out of the defendant's ownership, use, or possession of real property located within the state." *Knieper v. Forest Grp. USA, Inc.*, 2016 WL 9450454, *10 (N.D. Ga. Mar. 3, 2016) (citing *Int'l Capital Realty Inv. Co. v. West*, 234 Ga. App. 725 (1998)).

As pled in Plaintiff's Complaint and evidenced by the exhibits thereto, BMTC owns, uses, or possesses real property in Georgia and transacts business in Georgia in connection with such property. BMTC is the successor trustee of the Trust which holds the real property in Georgia which is the subject of this litigation. Complaint, ¶¶ 9-22, 27, 59-64. BMTC has corresponded with Plaintiff on multiple occasions regarding the Trust and the distribution of Trust property. *Id.*, ¶ 63. BMTC has attempted to distribute to Plaintiff shares of an LLC which was deeded the Property

---

[1] For example, personal jurisdiction under subsection (3) requires the nonresident to "regularly" do or solicit business in the state, engage in a "persistent course of conduct," or derive "substantial" revenue from business activities in Georgia. None of these qualifiers apply to subsection (1).

(in Georgia) without the consent of all beneficiaries of the Trust and in contravention of the Trust. *Id.*, ¶¶ 25, 63. The owner of record of the Property (Goodenow LLC) was set up as a pass through accounting entity and for administrative purposes for the lifetime of Richard C. Rust (life beneficiary and father to Plaintiff and her sister Defendants). No remainder beneficiary consented to having their substantive rights to the trust corpus encumbered by having such pass through entity continue to control and own the Property beyond the termination of the Trust. BMTC's actions were substantially felt in Georgia. BMTC has taken actions that directly impact the control and use of the Property by seeking to divest itself of 100% of the Goodenow LLC membership units by dividing them into 1/3 minority interests and transferring them to Plaintiff and her two sisters. BMTC knows that by doing so it is converting the value, use and control (including the right to enjoy as tenant in common the entire Property) of Plaintiff. Though BMTC attempts to downplay its contacts with Georgia as a single, isolated event, those contacts are felt in the forum state in that Plaintiff (a Georgia resident) has been deprived of her rights in the Property (in Georgia) by BMTC, the trustee of the Trust which holds the Property in Georgia.

### D. This Court's Exercise of Personal Jurisdiction Over BMTC Would not Violate Due Process

Because personal jurisdiction over BMTC is appropriate under Georgia's long-arm statute, the Court may exercise personal jurisdiction over BMTC if such exercise comports with due process; such is the case here.

The Supreme Court of Georgia has established a three-prong test to determine whether the exercise of personal jurisdiction over a nonresident violates due process:

> Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

00435357

*Amerireach.com, LLC v. Walker*, 290 Ga. 261, 269 (2011) (quoting *Aero Toy Store v. Grieves*, 279 Ga. App. 515 (2006)).

1. *BMTC has purposefully done an act or consummated a transaction in Georgia.*

That BMTC has no physical presence in Georgia is not determinative of whether it has purposefully acted or consummated a transaction in Georgia. "[E]ven where a nonresident defendant has no physical presence in Georgia, intangible contacts, such as telephone communications, can be sufficient to establish 'minimum contacts' which meet the constitutional standard for the exercise of personal jurisdiction." *Home Depot Supply, Inc. v. Hunter Mgmt. LLC*, 289 Ga. App. 286, 289 (2008).

BMTC purposefully succeeded Wilmington Trust Company as trustee of the Trust, thereby knowingly assuming an interest in real property in Georgia. Complaint, ¶ 27. BMTC has purposefully attempted to distribute shares of an LLC, which allegedly holds title to Georgia real property, to a Georgia resident. *Id.*, ¶ 63. BMTC has corresponded with Plaintiff on multiple occasions regarding the Trust and the distribution of Trust property. *Id.*, ¶ 63. These "intangible contacts" related to the Property are evidence of BMTC's acts and transactions in Georgia. *Home Depot* at 289.

2. *This litigation is connected with BMTC's actions/transactions in Georgia.*

As discussed above, BMTC's contacts with Georgia are directly related to the real property in Thomas County, Georgia which is at issue in this litigation. This element of the due process inquiry is easily satisfied in this case.

3. *This Court's exercise of personal jurisdiction over BMTC does not offend traditional fairness and substantial justice.*

The first two prongs of the "jurisdictional test" determine whether BMTC "has established the minimum contacts necessary for the exercise of jurisdiction." *Robertson v. CRI, Inc.*, 267 Ga. App. 757, 762 (2004). BMTC does have minimum contacts with Georgia, so the Court must

> evaluate other factors that impact on the reasonableness of asserting jurisdiction, such as the burden on defendant, the forum state's interest in adjudicating the dispute, plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution to controversies, and the shared interest of the states in furthering substantive social policies.

*Id.* (quoting *Booksing v. Holley*, 210 Ga. App. 869 (1993)). Georgia certainly has an interest in adjudicating a dispute involving real property in Georgia. "Georgia has a manifest interest in providing redress in a controversy concerning the sale of real property situated in this state." *Lyons Mfg. Co.,* 519 F. Supp. at 817. The real property at the center of this litigation is in Thomas County, Georgia. The grantor of the Trust of which BMTC is the successor trustee was a resident of Thomas County, Georgia. The Trust was executed by the grantor in Georgia. By willingly accepting appointment as trustee of a trust owning real property in Georgia, BMTC "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Aero Toy Store*, 279 Ga. App. at 518. Plaintiff has an interest in obtaining a declaration of her rights with respect to the property of the Trust to which Plaintiff is a beneficiary and BMTC is the trustee.

E. <u>Plaintiff has Stated a Claim Against BMTC Upon Which Relief can be Granted</u>

As noted above, Plaintiff has filed an Amended Complaint which wholly supersedes her original pleadings and renders Defendant's motion to dismiss the original pleadings moot. In her Amended Complaint, Plaintiff has clarified her claim against BMTC, i.e., a declaratory judgment

action seeking a declaration as to BMTC's duties with respect to distribution of trust property. As pled in the Complaint, BMTC is a party interested in the determination of the parties' rights and liabilities with respect to the Property. Complaint, ¶ 66. BMTC has attempted to distribute the Property contrary to the terms of the Trust. *Id.*, ¶ 63. Plaintiff seeks a declaration that she is entitled to an immediate distribution of her one-third interest in the Property held by the Trust. *Id.*, ¶ 70. BMTC as trustee must be bound by a judgment of this Court with respect to the distribution of the Property and the Court must address the conduct of BMTC that is contrary to the intent of the Trust. The Court's declaratory judgment in this case will no doubt involve compelling BMTC to execute documents and take actions consistent with its Order. BMTC must address and affirmatively respond to the claims that BMTC has acted in a manner contrary to the Trust and refused to take actions consistent with the intended distribution of the Property. In the absence of BMTC, "complete relief cannot be afforded among those who are already parties." O.C.G.A. § 9-11-19(a)(1).

Further, since the Trust has an interest in the Property and BMTC is trustee of the Trust, the absence of BMTC would leave the other parties "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [BMTC's] claimed interest." O.C.G.A. § 9-11-19(a)(2)(B). *See Lurz v. John J. Thompson & Co.*, 86 Ga. App. 295, 297 (1952) ("Where a proceeding presents for adjudication the ownership of described property within the jurisdiction of the court, all parties interested are necessary parties thereto."). The Property was devised/bequeathed to the Trust. Accordingly, the Property "[s]hall be administered and disposed of in accordance with the provisions of the trust instrument[.]" O.C.G.A. § 53-12-101(b)(2). It follows that BMTC is the only party that can dispose of the Trust's property, including the Property. Plaintiff seeks in this action a distribution of the Trust property to which she is a

beneficiary. BMTC is the party required by law and the Trust instrument to properly dispose of the Property, and is therefore a required party to this action.

BMTC's position, taken to its logical conclusion, is that BMTC had no obligation, duty or authority to take any action with respect to the trust corpus that was affected by the events preceding its status as successor trustee. BMTC could not stick its head in the sand at the expense of the remainder beneficiaries, including Plaintiff.

On a motion to dismiss for failure to state a claim, "[t]he issue is not whether plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support its claims." *Southern Entm't Television, Inc. v. Comcast Corp.*, 270 F. App'x 747, 748. Therefore, at this stage, Plaintiff's allegations must be construed liberally. *Id.* Construing the allegations of the Complaint liberally in favor of Plaintiff, Plaintiff can offer evidence to support her claims. Plaintiff has stated a claim against BMTC, and its motion to dismiss should be denied.

### III.   CONCLUSION

For the foregoing reasons, BMTC's motion to dismiss should be denied.

This 19th day of October, 2021.

WATSON SPENCE LLP

*/s/ F. Faison Middleton, IV*
F. Faison Middleton, IV
Georgia Bar No. 504745
Post Office Box 2008
Albany, Georgia 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 – Facsimile
fmiddleton@watsonspence.com

00435357

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2021, I electronically filed the foregoing *PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT THE BRYN MAWR TRUST COMPANY OF DELAWARE'S MOTION TO DISMISS* with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all attorneys of record as follows:

Danielle C. LeJeune
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, GA 30309
dlejeune@cozen.com

Gregory T. Talley
A.A. Howell, IV
COLEMAN TALLEY LLP
109 S. Ashley Street
Valdosta, GA 31601
Greg.talley@colemantalley.com
Beau.howell@colemantalley.com

*/s/ F. Faison Middleton, IV*
F. Faison Middleton, IV
Georgia Bar No. 504745

00435357