**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **PIMPAKTRA RUST,** | **)** | |
| | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Civil Action No. 7:21-CV-105-HL |
| | **)** | |
| **VINA E. RUST, CHAKDHARI A. RUST,** | **)** | |
| **and THE BRYN MAWR TRUST** | **)** | |
| **COMPANY OF DELAWARE** | **)** | |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

**PROPOSED SCHEDULING AND DISCOVERY ORDER**

The Parties held a Rule 26(f) conference on October 13, 2021. In accordance with the Court's Rules 16 and 26 Order dated August 31, 2021, and the Order dated September 23, 2021, the Parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I.     Nature of the Case:**

Plaintiff, Pimpaktra Rust ("Plaintiff") filed the instant case in the Superior Court of Thomas County wherein she prays for declaratory judgment regarding the ownership of a certain piece of property located in Thomas County, Georgia (the "Property") along with injunctive relief enjoining Defendants Vina E. Rust and Chakdhari A. Rust from selling the Property. Vina E. Rust and Chakdhari A. Rust shall be collectively referred to herein as the "Rust Defendants". Plaintiff alleges that she along with the Rust Defendants share possession of the Property as tenants in common free and clear of any encumbrances and that this Court should so declare. The Rust

Defendants removed this action to this Court on August 11, 2021. The Rust Defendant's timely submitted answers denying Plaintiff's allegations. Defendant, The Bryn Mawr Trust Company ("Bryn Mawr Trust"), filed a Motion to Dismiss on September 28, 2021. The Parties are also involved in a lawsuit in the Delaware Chancery Court captioned <u>Pimpaktra Rust v. Vina Rust, Chakdhari Rust and The Bryn Mawr Trust Company of Delaware</u>, Del. Ch. No. 2020-762. Plaintiff filed an Amended Complaint on October 19, 2021.

## II.   Counsel of Record:

The following individually-named attorneys are designated lead counsel for the Parties:

### <u>Attorney for Plaintiff Pimpaktra Rust</u>

Frank Faison Middleton, IV
Watson Spence LLP
P.O. Box 2008
320 W. Residence Ave.
Albany, Georgia 31702-2008
Telephone: (229) 436-1545
Facsimile: (229)436-6358
Email: FMiddleton@watsonspence.com

### <u>Attorney for Defendants Vina E. Rust & Chakdhari A. Rust</u>

Gregory T. Talley
A.A. Howell, IV
Kayla H. Barnes
Coleman Talley LLP
109 S. Ashley Street
Valdosta, Georgia 31601
Telephone: (229) 242-7562
Facsimile: (229) 333-0885
Email: greg.talley@colemantalley.com
Email: beau.howell@colemantalley.com
Email: kayla.barnes@colemantalley.com

### <u>Attorney for Defendant The Bryn Mawr Trust Company of Delaware</u>

Danielle C. Le Jeune
Cozen O'Conner
The Promenade, Suite 400
1230 Peachtree Street, N.E.

Atlanta, Georgia 30309
Telephone: (404) 572-2050
Facsimile: (866) 778-6671
Email: dlejeune@cozen.com

## III.   Complaint and Answer filing dates:

| | |
|---|---|
| Complaint filed in State Court: | July 1, 2021 |
| Affidavit of service filed for Vina E. Rust: | July 20, 2021 |
| Affidavit of service filed for Chakdhari A. Rust: | July 26, 2021 |
| Stipulation Extending Time for Bryn Mawr Trust to Answer | August 10, 2021 |
| Removal to District Court: | August 11, 2021 |
| Answer of Vina E. Rust filed: | August 18, 2021 |
| Answer of Chakdhari A. Rust filed: | August 18, 2021 |
| Motion to Dismiss of Bryn Mawr Trust | September 28, 2021 |
| Amended Complaint filed in Federal Court | October 19, 2021 |

## IV.   Discovery Deadlines:

### A.  **Time for Discovery**

The time for discovery in this case shall expire April 25, 2022, that being no more than 180 days after submission of the Proposed Order to the Court. If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

### B.  **Scope of Discovery**

1.  Discovery will be needed with respect to the following subjects:

Plaintiff:

    a.  Activities of the Rust defendants undertaken by or on behalf of Goodenow LLC ("LLC") as it relates to Winnstead (Thomas County real property).

    b.  Circumstances surrounding the purported transfer of LLC units by Bryn Mawr Trust to the Rust defendants and the effort to transfer units to Plaintiff.

c. Bryn Mawr Trust's fiduciary file as it relates to the trust and any annual trust reports.

d. Documents and testimony related to Bryn Mawr Trust's fiduciary conduct related to its taking over as successor trustee and its administration of the trust.

e. Documents relating to decisions by Bryn Mawr Trust to undertake to transfer LLC units, including any legal advice sought, fairness opinions, valuations of trust property, trust committee meeting minutes, or similar documentation.

f. Handling and administration of the estate of Philip G. Rust as it relates to the will, the trust, and the purported conveyance of Winnstead to the LLC.

g. Communications of actions and inactions related to the potential sale of Winnstead.

h. Costs, attorneys' fees, and other purported expenses of trust administration as it relates to the purported transfer of LLC units to the Rust defendants and the effort to transfer units to Plaintiff.

i. The decisions to withhold from Plaintiff all trust related documentation and files by Bryn Mawr Trust.

Rust Defendants:

a. The factual allegations contained in Plaintiff's complaint.

b. The factual basis for the affirmative defenses and other defenses raised by Defendants

Bryn Mawr Trust Defendant:

a. Bryn Mawr Trust has moved to dismiss the claims against it, and therefore does not believe it should be involved in party discovery.  To the extent its motion is

overruled, Bryn Mawr Trust does not believe the discovery it would seek would exceed that sought by the Rust Defendants.

2. The Parties anticipate that discovery will be completed by the close of discovery.

3. Discovery should not be conducted in phases or be limited or focused on particular issues. Bryn Mawr Trust has moved to dismiss the claims against it, and therefore does not believe it should be involved in party discovery.  Bryn Mawr Trust therefore requests that its obligation to provide Rule 26(a) disclosures be deferred until fourteen days after the ruling on its motion to dismiss.

4. The Parties agree that, to the extent practical and efficient, they will make use of the discovery taken in <u>Pimpaktra Rust v. Vina Rust, Chakdhari Rust and The Bryn Mawr Trust Company of Delaware</u>, Del. Ch. No. 2020-762 in this lawsuit, and will endeavor not to duplicate the discovery taken in Pimpaktra Rust v. Vina Rust, Chakdhari Rust and The Bryn Mawr Trust Company of Delaware, Del. Ch. No. 2020-762.

**C. <u>Electronically Stored Information:</u>**

The Parties have discussed the format, sources and scope of production relative to electronically stored information ("ESI") and have agreed to the following preliminary stipulations in an effort to facilitate discovery of ESI:

1. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense.

2. If advanced search methodologies become necessary, the Parties agree to confer in an attempt to reach agreement regarding the method of culling voluminous materials. The Parties agree to cooperate in the development of

a list of ESI search terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." The Parties further agree to confer about other search parameters including identifying relevant date limitations and specific custodian email accounts to be searched, to exclude irrelevant data.

3. If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach agreement, they shall jointly seek guidance from the Court.

4. To enable bates-labeling and redaction, the Parties agree that documents in general need not be produced in native format, except for Excel spreadsheets. But, if Plaintiff proposes a need for the native format of a document or email, Defendant agrees to produce the individual native files in addition to the converted, labeled versions. The Parties will discuss the scope of any metadata production (e.g. which "fields" of metadata will be produced). If voluminous, production of ESI shall be provided via email or via cloud storage and transfer options, i.e. Clio or Google Drive.

**D.  Privilege Claim:**

The Parties are unaware of any issues about claims of privilege or of protection as trial preparation materials. Moreover, the Parties have not reached any agreement for

asserting claims of privilege or of protection as trial preparation material after information is produced. The Parties agree that any responsive documents withheld or redacted on the basis of privilege or work-product protection will be listed on a privilege log. Should a dispute arise, the Parties agree that they will confer in good faith before filing any motions related to claims of privilege. The Parties agree that the provisions of Rule of Evidence 502(b) apply to this action.

**E.   <u>Witnesses to be Deposed</u>**

<u>Plaintiff</u>

1.  Vina E. Rust;

Chakdhari A. Rust;

2.  Property managers or others involved with management or use of Winnstead;

3.  30(b)(6) Bryn Mawr;

4.  30(b)(6) Goodenow LLC;

5.  Other witnesses as discovery may reveal; and

6.  Witnesses, including experts, identified by the other parties.

<u>Rust Defendants</u>

1.  Pimpaktra Rust;

2.  Any witness, including any expert witness, identified by Plaintiff during the course of discovery;

3.  Any other witnesses who may have information relevant to the claims asserted by Plaintiff or the alleged damages; and

4.  Any other witnesses who may have information relevant to Defendant's defenses.

Discovery is in its initial stages and the Rust Defendants reserve the right to depose other witnesses whose identities become known in the course of discovery.

Brywn Mawr Trust Defendant

1. Bryn Mawr Trust has moved to dismiss the claims against it, and therefore does not believe it should be involved in party discovery.  To the extent its motion is overruled, Bryn Mawr Trust does not believe the discovery it would seek would exceed that sought by the Rust Defendants.

**F.  Expert Witnesses**

**1. Designation of Experts**

The Plaintiff must disclose the identity of any expert witness on or before January 24, 2022, that being no more than 90 days after the submission of the Proposed Order to the Court.

The Defendant must disclose the identity of any expert witness on or before February 22, 2022, that being no more than 120 days after the submission of the Proposed Order to the Court.

Any rebuttal must be submitted within 30 days after the other party's disclosure. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

**2. Expert Reports**

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before April 4, 2022, that being no more than 160 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

**G. <u>Discovery Limitations or Need for Protective Order</u>**

The Parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

**H. <u>Discovery Disputes</u>**

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Nora Paul, Courtroom Deputy (478.752.0725) to request a telephone conference with the Court.

**V.    Time for Filing Motions:**

**A. <u>Motions to Amend the Pleadings or to Join Parties:</u>**

All motions seeking to amend the pleadings or to join Parties must be filed no later than December 24, 2021, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

**B. <u>Dispositive Motions:</u>**

All dispositive motions must be filed no later than May 25, 2022, that being no more than 30 days after the expiration of discovery in this case.

**C. <u>Daubert Motions:</u>**

All Daubert motions must be filed no later than May 25, 2022, that being no more than 30 days after the expiration of discovery in this case.

**VI.**     **Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 25th day of October, 2021.

/s/ F. Faison Middleton
Signed w/ express permission
F. Faison Middleton, IV Georgia Bar No. 504745
Post Office Box 2008
Albany, Georgia 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
fmiddleton@watsonspence.com

Counsel for Plaintiff

/s/ Gregory T. Talley
Gregory T. Talley
Georgia Bar No. 696705
A.A. Howell, IV
Georgia Bar No. 689955
Kayla H. Barnes
Georgia bar No. 301948

Counsel for Rust Defendants

/s/Danielle C. Le Jeune
Signed w/ express permission
Danielle C. LeJeune
Georgia Bar No. 134222
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, Georgia  30309
Telephone: (404) 572-2050
E-mail:  dlejeune@cozen.com

Counsel for Byrn Mawr Trust

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and jointly filed by the Parties to this action, hereby **ADOPTS** the Parties' plan and **MAKES IT THE ORDER OF THE COURT.**

      **SO ORDERED**, this 29th day of October, 2021.

s/Hugh Lawson
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT