# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>    Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

**VERIFIED ANSWER AND DEFENSES OF VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR.  TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

COME NOW, VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR., Defendants in the above-entitled action, and, in answer to Plaintiffs Verified Amended Complaint For Declaratory Judgment and Injunctive Relief, show, as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Superior Court of Thomas County is an improper venue for this action.

## THIRD DEFENSE

The Superior Court of Thomas County lacks personal jurisdiction over these defendants.

## FOURTH DEFENSE

Plaintiff has failed to join an indispensable party.

## FIFTH DEFENSE

Plaintiff has unclean hands and is not entitled to declaratory, injunctive, or equitable relief.

## SIXTH DEFENSE

This same action was previously filed and currently pending in the Chancery Court of the State of Delaware as Civil Action Number 2020-0762- SG; consequently, this action should be stayed.

## SEVENTH DEFENSE

Plaintiff is not entitled to equitable relief, as Plaintiff has an adequate remedy at law.

## EIGHTH DEFENSE

Defendants have fulfilled all of their duties under section 4.2(b) of the Limited Liability Company Agreement of Goodenow LLC dated April 30, 2012 (the "Operating Agreement").

## NINTH DEFENSE

(Responsive Answer)

**Jurisdiction and Venue**

1. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 1 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

2. Paragraph 2 of the Amended Complaint is admitted.

3. Paragraph 3 of the Amended Complaint is denied.

4. Paragraph 4 of the Amended Complaint is admitted.

5. Paragraph 5 of the Amended Complaint is denied.

6. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 6 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

7. Paragraph 7 of the Amended Complaint is admitted.

8. Paragraph 8 of the Amended Complaint is admitted.

9. Paragraph 9 of the Amended Complaint is denied.

10. Paragraph 10 of the Amended Complaint is admitted.

11. Paragraph 11 of the Amended Complaint is denied.

**Factual Background**

12. Paragraph 12 of the Amended Complaint is admitted.

13. Paragraph 13 of the Amended Complaint is admitted.

14. Paragraph 14 of the Amended Complaint is admitted.

15. Paragraph 15 of the Amended Complaint is admitted.

16. Paragraph 16 of the Amended Complaint is denied. The PGR Will speaks for itself.

17. Paragraph 17 of the Amended Complaint is denied. The PGR Will speaks for itself.

18. Paragraph 18 of the Amended Complaint is denied.

19. Paragraph 19 of the Amended Complaint is admitted.

20. Paragraph 20 of the Amended Complaint is denied.

21. Paragraph 21 of the Amended Complaint is admitted.

22. Paragraph 22 of the Amended Complaint is admitted.

**Formation of Goodenow LLC**

23. . Defendants neither admit nor deny the truth of the allegations contained in Paragraph 23 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

24. Paragraph 24 of the Amended Complaint is denied.

25. Defendants admit Goodenow LLC, a Delaware limited liability company, was formed on September 29, 2011, Philip's executor formed Goodenow LLC, a Delaware limited liability company to serve as the holding entity for all of the real estate PGR included in his trust. Defendants admit that RCR did not reside in Delaware on September 29, 2011 and none of the real estate was located in Delaware. All remaining allegations in Paragraph 25 are denied.

26. Paragraph 26 of the Amended Complaint is denied. Defendants refer to the documents themselves regarding the precise matter of distribution of property.

27. Paragraph 27 states a legal conclusion; consequently, it does not require a response. To the extent a response is required for Paragraph 27, Defendants deny the same.

28. Paragraph 28 of the Amended Complaint is denied.

29. Defendants admit on April 30, 20212, Wilmington Trust, as trustee of the Trust, and Wilmington Trust, as the initial member of the LLC in its fiduciary capacity for the Trust, entered into an operating agreement for the LLC. Defendants admit the

Operating Agreement is attached to the Amended Complaint as Exhibit D. Defendants deny the remaining allegations in Paragraph 29 of the Amended Complaint. The operating agreement will speak for itself.

30. Paragraph 30 of the Amended Complaint is denied. The language of the Operating Agreement will speak for itself.

### Invalid Conveyance of the Property

31. Defendants admit the Executor's Deed of Assent is recorded in the real property records of Thomas County at Deed Book 1765, Page 85 on May 18, 2012, and is attached to the Amended Complaint as Exhibit E. The remaining allegations contained in Paragraph 31 are denied.

32. Paragraph 32 of the Amended Complaint is denied.

33. Defendants admit the lease was entered into between RCR as himself and as the then Goodenow Manager. The remaining allegations contained in Paragraph 33 of the Amended Complaint are denied.

34. Defendants admit on June 17, 2016, Wilmington Trust was removed as trustee of the PGR Trust , and Bryn Mawr was appointed as trustee of the Trust. Defendants neither admit nor deny the truth of the remaining allegations contained in Paragraph 34 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

### Ownership and Management of the property After the Death of RCR

35. Paragraph 35 of the Amended Complaint is admitted.

36. Paragraph 36 of the Amended Complaint is denied, and Defendants defer to the documents with regard to the precise distribution of property.

37. Paragraph 37 of the Amended Complaint is denied.

38. Paragraph 38 of the Amended Complaint is denied.

39. Defendants admit the PGR Trust dissolved. Defendants admit after RCR's death the sisters appointed themselves as Successor Managers of Goodenow, pursuant to section 4.1(c) of the operating agreement. The remaining allegations contained in Paragraph 39 of the Amended Complaint are denied.

40. Paragraph 40 of the Amended Complaint is denied.

41. Paragraph 41 of the Amended Complaint is denied.

42. Defendants admit the property has not been distributed per stirpes. The remaining allegations contained in Paragraph 42 of the Amended Complaint are denied.

43. Defendants admit, prior to RCR's death, Goodenow held no bank account, expended no funds, and had no employees. The remaining allegations contained in Paragraph 43 of the Amended Complaint are denied.

44. Paragraph 44 of the Amended Complaint is denied.

45. Paragraph 45 of the Amended Complaint is denied.

46. Paragraph 46 of the Amended Complaint is denied.

47. Defendants admit that pursuant to the Operating Agreement decisions can be made regarding the Property by a majority of the managers as long as said decisions comply with the Operating Agreement and applicable laws. The remaining allegations of Paragraph 47 of the Amended Complaint are denied.

48. Paragraph 48 of the Amended Complaint is denied.

49. Defendants admit the Sisters do NOT share title to Winnstead as tenants in common. The remaining allegations contained in Paragraph 49 of the Amended Complaint are denied.

**Attempts to Market and Sell the Property and Undercut Plaintiff's Interests**

50. Paragraph 50 of the Amended Complaint is admitted.

51. Defendants admit that the sisters agreed that in principle the Property should be sold, presumptively with an intended distribution of the proceeds ultimately going to each sister equally. Defendants admit that Plaintiff offered to suggest a broker. The remaining allegations in Paragraph 51 of the Amended Complaint are denied.

52. Paragraph 52 of the Amended Complaint is denied.

53. Paragraph 53 of the Amended Complaint is admitted.

54. Paragraph 54 of the Amended Complaint is denied.

55. Defendants admit a marketing proposal is attached as Exhibit G. The remaining allegations contained in Paragraph 55 of the Amended Complaint are denied.

56. Paragraph 56 of the Amended Complaint is denied.

57. Paragraph 57 of the Amended Complaint is denied.

58. Paragraph 58 of the Amended Complaint is denied.

59. Paragraph 59 of the Amended Complaint is denied.

60. Defendants admit only Goodenow should be listed on the proposed contract as seller. The remaining allegations contained in Paragraph 60 of the Amended Complaint are denied.

61. Defendants admit Plaintiff refused to sign the listing agreement. The remaining allegations contained in Paragraph 61 of the Amended Complaint are denied.

62. Defendants admit Plaintiff refused to sign the listing agreement. The remaining allegations contained in Paragraph 62 of the Amended Complaint are denied.

63. Paragraph 63 of the Amended Complaint is denied.

64. Paragraph 64 of the Amended Complaint is denied.

65. Paragraph 65 of the Amended Complaint is denied.

66. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 66 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

67. Paragraph 67 of the Amended Complaint is denied.

## Unauthorized Loans Against the Property

68. Paragraph 68 of the Amended Complaint is denied.

69. Defendants are the sole creditors of Goodenow. The remaining allegations of Paragraph 69 of the Amended Complaint are denied.

70. Defendants admit the operational costs for all the properties total over $1 million annually, as they did during their father's lifetime, and Defendants have extended credit to Goodenow to pay those costs. The remaining allegations contained in Paragraph 70 of the Amended Complaint are denied.

71. Paragraph 71 of the Amended Complaint is denied.

72. Paragraph 72 of the Amended Complaint is denied.

73. Paragraph 73 of the Amended Complaint is denied.

74. Paragraph 74 of the Amended Complaint is denied.

75. Paragraph 75 of the Amended Complaint is denied.

76. Defendants specifically deny the Delaware action is separate and distinct from this action. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 76 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

77. Paragraph 77 of the Amended Complaint is denied.

### BMTC Holds and Interest in the Property

78. Paragraph 78 of the Amended Complaint is denied.

79. Paragraph 79 of the Amended Complaint is denied.

80. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 80 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

81. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 81 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

82. Defendants deny the Property should have been distributed to the Sisters per stirpes. Defendants deny that it was "wrong" for BMTC to request an indemnification. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 82 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

83. Paragraph 83 of the Amended Complaint is admitted.

84. Paragraph 84 of the Amended Complaint is denied.

85. Paragraph 85 of the Amended Complaint is denied.

86. Paragraph 86 of the Amended Complaint is denied. The Deed will speak for itself.

87. Paragraph 87 of the Amended Complaint is denied.

88. Paragraph 88 of the Amended Complaint is denied. The Deed will speak for itself.

89. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 89 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

90. Paragraph 90 of the Amended Complaint is denied.

91. Paragraph 91 of the Amended Complaint is denied.

92. Paragraph 92 of the Amended Complaint is denied.

93. Paragraph 93 of the Amended Complaint is denied.

94. Paragraph 94 of the Amended Complaint is denied.

95. Paragraph 95 of the Amended Complaint is denied.

96. Paragraph 96 of the Amended Complaint is denied.

97. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 97 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

98. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 98 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

99. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 99 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

100. Paragraph 100 of the Amended Complaint is denied.

101. Paragraph 101 of the Amended Complaint is denied.

102. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 102 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

## Count I – Declaratory Judgment

103. Defendants reallege and incorporate their responsive answers to Paragraphs 1 through 102 as if fully set forth herein.

104. Paragraph 104 of the Amended Complaint is denied.

105. Paragraph 105 of the Amended Complaint is denied.

106. Paragraph 106 of the Amended Complaint is denied.

107. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 107 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof.

## Count II – Injunctive Relief

108. Defendants reallege and incorporate their responsive answers to Paragraphs 1 through 107 as if fully set forth herein.

109. Paragraph 109 of the Amended Complaint is denied.

110. Paragraph 110 of the Amended Complaint is denied.

111. Paragraph 111 of the Amended Complaint is denied.

112. Defendants neither admit nor deny the truth of the allegations contained in Paragraph 112 of the Amended Complaint for lack of sufficient knowledge or information so as to form a belief as to the truth thereof, and each and every other allegation of Plaintiff's Amended Complaint not heretofore admitted nor denied is hereby denied.

## Count III -  Declaratory Judgment as to BMTC's Duties and Obligations with Respect to Distribution of the Property

113. Defendants reallege and incorporate their responsive answers to Paragraphs 1 through 112 as if fully set forth herein.

114. Paragraph 114 of the Amended Complaint is denied.

115. Paragraph 115 of the Amended Complaint is denied.

116. Paragraph 116 of the Amended Complaint is denied.

117. Defendants admit BMTC is the trustee of the Trust as successor to Wilmington Trust. The remaining allegations of Paragraph 117 of the Amended do not require a response as it states a legal conclusion.

118. Paragraph 118 of the Amended Complaint is denied.

119. Paragraph 119 of the Amended Complaint is denied.

120. Paragraph 120 of the Amended Complaint is denied.

121. Paragraph 121 of the Amended Complaint is denied.

122. Paragraph 122 of the Amended Complaint is denied.

123. Each and every other allegation set forth in the Amended Complaint not specifically responded to above is hereby denied.

WHEREFORE, Defendants having responded fully to Plaintiff's Amended Complaint hereby demand judgment in their favor with all costs cast upon Plaintiff.

This 2nd day of November, 2021.

| | |
|---|---|
| 109 S. Ashley Street<br>Valdosta, GA  31601<br>(229) 242-7562<br>(229) 333-0885 facsimile<br>Greg.talley@colemantalley.com<br>Beau.howell@colemantalley.com<br>Kayla.barnes@colemantalley.com | **COLEMAN TALLEY LLP**<br><br>*/s/ Gregory T. Talley*<br>Gregory T. Talley<br>Georgia Bar No. 696705<br>A.A. Howell, IV<br>Georgia Bar No. 689955<br>Kayla H. Barnes<br>Georgia Bar No. 301948 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>　　Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>　　Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has this day mailed a copy of the foregoing VERIFIED *ANSWER AND DEFENSES OF VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR. TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF* in an envelope properly addressed and with sufficient postage thereon for delivery, to:

Frank Faison Middleton, IV
Watson Spence LLP
P.O. Box 2008
320 W. Residence Ave.
Albany, Georgia 31702-2008

Danielle C. Le Jeune
1230 Peachtree Street NE, Suite 400
Atlanta, GA 30309

This 2nd day of November, 2021.

| | |
|---|---|
| 109 S. Ashley Street<br>Valdosta, GA  31601<br>(229) 242-7562<br>(229) 333-0885 facsimile<br>Greg.talley@colemantalley.com<br>Beau.howell@colemantalley.com<br>Kayla.barnes@colemantalley.com | **COLEMAN TALLEY LLP**<br><br>*/s/ Gregory T. Talley*<br>Gregory T. Talley<br>Georgia Bar No. 696705<br>A.A. Howell, IV<br>Georgia Bar No. 689955<br>Kayla H. Barnes<br>Georgia bar No. 301948 |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

PIMPAKTRA RUST

    Plaintiff,

vs.

VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE

    Defendants.

CIVIL ACTION

Case No. 7:21-cv-00105-HL

## VERIFICATION

PERSONALLY APPEARED, VINA E. RUST, who, upon being duly sworn, deposes and says the contents to the above VERIFIED ANSWER AND DEFENSES OF VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR. TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF are true and correct.

_____
Vina E. Rust

Sworn to and subscribed before me
this 29 day of October, 2021.

_____
My commission expires: 03/24/2023

JOHN M AMES
Notary Public
State of Washington
Commission # 206045
My Comm. Expires Mar 24, 2023

4869-5662-1057, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

## VERIFICATION

PERSONALLY APPEARED, Chakdhari A. Rust, who, upon being duly sworn, deposes and says the contents to the above VERIFIED ANSWER AND DEFENSES OF VINA ELISE RUST, CHAKDHARI ANISSA RUST, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF RICHARD C. RUST, SUCCESSOR IN INTEREST AS EXECUTOR OF THE ESTATE OF PHILIP G. RUST, JR. TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF are true and correct.

_____
Chakdhari A. Rust

Sworn to and subscribed before me
this 28th day of October, 2021.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

2-12-2025
_____
My commission expires:


GRETCHEN HILL
COMM. # 2346523
NOTARY PUBLIC - CALIFORNIA
SONOMA COUNTY
COMM. EXPIRES FEB. 12, 2025

State of California, County of Sonoma
Subscribed and sworn to (or affirmed) before me on this 28th day of October, 2021,
by Chakdhari Anissa Rust
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Gretchen Hill_ Notary Public
Signature

4864-2112-6401, v. 1