IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| PIMPAKTRA RUST | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE |
| | : | NO.: 7:21-cv-00105 |
| VINA ELISE RUST, | : | |
| CHAKDHARI ANISSA RUST, individually | : | |
| and as Co-Executors of the ESTATE OF | : | |
| RICHARD C. RUST, successor in interest as | : | |
| executor of the ESTATE OF PHILIP G. RUST | : | |
| JR., and THE BRYN MAWR TRUST | : | |
| COMPANY OF DELAWARE, a limited | : | |
| purpose trust company, in its capacity as | : | |
| trustee of the trusts created for the benefit | : | |
| of Richard C. Rust under agreement dated | : | |
| July 10, 1953, as amended | : | |
| | : | |
| DEFENDANTS. | : | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS FOR THE PURPOSE OF CONDUCTING LIMITED JURISDICTIONAL DISCOVERY**

COMES NOW Plaintiff and files her Motion for Extension of Time to Respond to Motion to Dismiss for the Purpose of Conducting Limited Jurisdictional Discovery, showing the Court as follows:

Plaintiff commenced this action in the Superior Court of Thomas County, Georgia on July 1, 2021 by filing her Verified Complaint for Declaratory Judgment and Injunctive Relief. Defendants Vina E. Rust and Chakdhari A. Rust, on August 11, 2021, filed their notice of removal of this case to the United States District Court for the Middle District of Georgia. On September 28, 2021 Defendant The Bryn Mawr Trust Company of Delaware ("BMTC") filed its motion to dismiss Plaintiff's Complaint (Doc. 8) pursuant to Fed. R. Civ. P. 12(b) for failure to state a claim

00438468

and lack of personal jurisdiction. On October 19, 2021 Plaintiff contemporaneously filed her response to BMTC's motion (Doc. 10) and her Verified Amended Complaint for Declaratory Judgment and Injunctive Relief (Doc. 9), thereby mooting BMTC's motion. BMTC has now moved to dismiss Plaintiff's amended complaint (Doc. 13) for lack of personal jurisdiction. For the reasons discussed herein, the Court should allow Plaintiff to conduct limited discovery related to personal jurisdiction and permit Plaintiff an extension of time to respond to BMTC's motion to dismiss until after the completion of limited discovery.

The Eleventh Circuit recognizes a qualified right to jurisdictional discovery when a defendant files a motion to dismiss for lack of personal jurisdiction:

> It is well-accepted that a qualified right to jurisdictional discovery exists. *See, e.g., Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729–31 (11th Cir.1982). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, ...." Discovery is not limited to the merits of a case, as it is available to ascertain the facts bearing on issues such as jurisdiction or venue. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). **Thus, " '[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.**' " *Diamond Chem. Co. v. Atofina Chems., Inc.,* 268 F.Supp.2d 1, 15 (D.C.Cir.2003) (quoting *El–Fadl v. Cent. Bank of Jordan,* 75 F.3d 668, 676 (D.C.Cir.1996)).

*Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1144 (S.D. Fla. 2007) (emphasis added).

Attached to BMTC's motion is the affidavit of Robert Eaddy (Doc. 13-2), the president of BMTC. Mr. Eaddy's affidavit includes conclusory statements that BMTC "does not engage in any persistent course of conduct in Georgia," and BMTC "does not derive substantial revenue from goods used or consumed or services rendered in Georgia." Mr. Eaddy's affidavit also includes testimony that goes to the merits of Plaintiff's claims against BMTC. When "jurisdictional facts are intertwined with the facts central to the merits of the complaint . . . a plaintiff must have ample

opportunity to present evidence bearing on the existence of jurisdiction." *Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (internal quotations and citations omitted).

Discovery has just begun in this case, and the deadline for Plaintiff to respond to BMTC's motion to dismiss the Amended Complaint has not expired. Thus, Plaintiff has timely sought jurisdictional discovery.[1] If the Court permits Plaintiff to engage in limited jurisdictional discovery prior to the Court ruling on BMTC's motion, Plaintiff intends to seek information related to BMTC's claims it "does not engage in any persistent course of conduct in Georgia" and "does not derive substantial revenue from goods used or consumed or services rendered in Georgia." Plaintiff is entitled to learn what, if any, conduct BMTC displays in Georgia, and the extent of any revenue, if any, BMTC derives from services rendered in Georgia, and other bases for this Court's exercise of personal jurisdiction over BMTC. Further, Plaintiff seeks to discover, through document production and deposition testimony, information regarding the ownership of property in Georgia through BMTC's status as a trustee. Without the benefit of discovery – including written interrogatories and document requests and the depositions of Mr. Eaddy and/or a Rule 30(b)(6) deposition of BMTC – Plaintiff cannot fully respond to BMTC's motion to dismiss. Limited discovery is the proper vehicle to grant Plaintiff an "ample opportunity to present evidence bearing on the existence of jurisdiction." *ACLU*, 859 F.3d at 1340. There is no prejudice to BMTC, which continues to occupy a status of Plaintiff's trustee and to hold trust property.

---

[1] The Eleventh Circuit has affirmed the denial of motions for jurisdictional discovery where the plaintiff failed to exhibit diligence in seeking it. *See, e.g.*, *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n. 7 (11th Cir. 1999) (district court did not err in ruling on motion to dismiss prior to plaintiff completing jurisdictional discovery where "no discovery efforts were made in the eight months between the time" the complaint was filed and the court dismissed it; plaintiff made no "allusion to jurisdictional discovery" until five months after the motion to dismiss was filed; and plaintiff failed to specify what it could or should learn if discovery was had).

00438468

WHEREFORE, Plaintiff prays the Court enter an order granting Plaintiff an extension of time, up to and including 14 days following the completion of the time for discovery granted by the Court, to respond to BMTC's motion to dismiss and permitting Plaintiff to conduct limited discovery related to personal jurisdiction against BMTC, including written interrogatories and requests for production and the deposition of a corporate representative of BMTC pursuant to FED. R. CIV. P. 30(b)(6).

This 12th day of November, 2021.

          WATSON SPENCE LLP
          *Attorneys for Plaintiff*

          */s/ F. Faison Middleton, IV*
          F. Faison Middleton, IV
          Georgia Bar No. 504745
          Post Office Box 2008
          Albany, Georgia 31702-2008
          (229) 436-1545 – Telephone
          (229) 436-6358 – Facsimile
          fmiddleton@watsonspence.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021 I electronically filed the foregoing *Plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss for the Purpose of Conducting Limited Jurisdictional Discovery* with the Clerk of Court using the CM/ECF system, which will automatically send email notifications of such filing to all attorneys for record as follows:

Danielle C. LeJeune
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, GA 30309
dlejeune@cozen.com

Gregory T. Talley
A.A. Howell, IV
COLEMAN TALLEY LLP
109 S. Ashley Street
Valdosta, GA 31601
Greg.talley@colemantalley.com
Beau.howell@colemantalley.com

*/s/ F. Faison Middleton, IV*
F. Faison Middleton, IV

00438468