IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| PIMPAKTRA RUST | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE |
| | : | NO.: 7:21-cv-00105 |
| VINA ELISE RUST, | : | |
| CHAKDHARI ANISSA RUST, individually | : | |
| and as Co-Executors of the ESTATE OF | : | |
| RICHARD C. RUST, successor in interest as | : | |
| executor of the ESTATE OF PHILLIP G. RUST: | | |
| JR., and THE BRYN MAWR TRUST | : | |
| COMPANY OF DELAWARE, a limited | : | |
| purpose trust company, in its capacity as | : | |
| trustee of the trusts created for the benefit | : | |
| of Richard C. Rust under agreement dated | : | |
| July 10, 1953, as amended | : | |
| | : | |
| DEFENDANTS. | : | |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS VINA ELISE RUST AND CHAKDHARI ANISSA RUST'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION TO STAY PROCEEDINGS**

COMES NOW Plaintiff and files her response brief in opposition to Defendants Vina Elise Rust and Chakdhari Anissa Rust's Motion for Judgment on the Pleadings, or, in the Alternative, Motion to Stay Proceedings[1], showing the Court as follows:

**PRELIMINARY STATEMENT**

By taking one paragraph of a 128-paragraph pleading out of context and intentionally misconstruing the entire point of Plaintiff's allegations in another pending action, Defendants Vina Elise Rust and Chakdhari Anissa Rust seek judgment on the pleadings in this case. The basis for

---

[1] Defendants filed the same motion twice, Docs. 16 and 17, due to the receipt of a notice of deficiency. Out of an abundance of caution, Plaintiff calculated the deadline for her response based on the first filing date, November 29, 2021.

00443784

Defendants' motion is an alleged judicial admission as to the legal owner of real property located in Georgia. Because ownership of real property is a question of Georgia state law, any allegation as to the owner is a legal conclusion which cannot be considered a judicial admission. Defendants essentially argue that, with one sentence in a pleading in a wholly separate case (which must be construed in the light most favorable to Plaintiff), Plaintiff has lost her case before this Court. This argument is completely without merit. Defendant's motion should be denied. Similarly unpersuasive are Defendants' arguments seeking a stay of the instant litigation. A stay would only harm Plaintiff, and Defendants' motion to stay should also be denied.

### I. FACTS RELEVANT TO DEFENDANTS' MOTION

In this litigation Plaintiff seeks a declaratory judgment as to her rights with respect to real property located in Thomas County, Georgia (the "Property"). As alleged in her Amended Complaint (Doc. 9), the Property is part of the property of the Phillip G. Rust, Jr. Trust (the "Trust"). In 2012 the executor of the Estate of Phillip G. Rust, Jr. purported to deed the Property to a pass-through entity, Goodenow LLC (the "LLC") in contravention of the Trust. (*Id.*, ¶¶ 31-32) This purported transfer of the Property was an improper and invalid transfer under Georgia law. (*Id.*, ¶ 32) Per the Trust Agreement, the Trust was to terminate upon the death of Richard C. Rust on September 23, 2019, and the Trust's principal (including the Property) was to be divided per stirpes among his children, Plaintiff and Defendants Vina Elisa Rust and Chakdhari Anissa Rust ("Defendants"). (*Id.*, ¶¶ 35-36) In other words, after their father's death and resulting termination of the Trust, Plaintiff and Defendants became the beneficial owners of one-third, undivided interests in the Property. (*Id.*, ¶ 39).

After Richard C. Rust's death, Plaintiff and Defendants became successor managers of the LLC, with the authority to assist with the distribution of the Trust principal and the administrative

processes associated with unwinding the LLC in accordance with the Trust. (Doc. 9, ¶ 39) Plaintiff accepted her appointment as a successor manager of the LLC on a temporary basis and with the intent to help distribute the Trust property and unwind the LLC. Defendants on the other hand treated, and continue to treat, the Property as if it is owned by the LLC, independent of any Trust provisions. (*Id.*, ¶¶ 41-42) The Property is owned by Plaintiff and Defendants as tenants in common, but Defendants have refused to distribute the sisters' shares in the Property as required by the Trust, and instead have attempted (along with the successor trustee of the Trust) to force Plaintiff to accept a membership interest in the LLC, as opposed to the one-third interest in the Property to which she is legally entitled. (*Id.*, ¶¶ 79-91) Additionally, Defendants have abused their authority as successor managers of the LLC in various ways, including taking out unauthorized loans against the Property, thereby eroding the value of Plaintiff's interest in the Property. (*Id.*, ¶¶ 68-77)

Plaintiff seeks a declaratory judgment that (a) she and Defendants own the Property as tenants in common; (b) the purported deed of the Property to the LLC was invalid; (c) the LLC does not hold title to the Property; and (d) the Property may not be listed or sold without the consent of Defendants and Plaintiff. Further, Plaintiff seeks an interlocutory injunction preventing Defendants from selling the Property until the Court declares the respective rights and interests of the parties.

Contemporaneously with the instant litigation, the parties are involved in a lawsuit in Delaware. In the Delaware action, Plaintiff seeks damages for breach of the LLC's operating agreement, as well as an accounting and dissolution of the LLC. Importantly, Plaintiff alleges in the Delaware action that Defendants have refused to distribute the Trust principal, including the Property, pursuant to the Trust agreement. (Doc. 17-1, ¶ 66) Plaintiff further alleges the Trust is

"clear that the assets of the Trust (including the Properties[2]) pass outright and free from trust to Pim, Vina, and Anissa at Richard's death without any restrictions or encumbrances." (*Id.*, ¶ 96) As it concerns the Property, the thrust of the Delaware action is that the LLC holds no legal or equitable right to the Property, and Plaintiff and Defendants are the owners of the Property as tenants in common.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### A. <u>Defendants are not Entitled to Judgment on the Pleadings</u>

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under" Rule 12(b). *King v. Akima Global Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (citing *Carbone v. Cable News Network, Inc.*, 910 F. 3d 1345 (11th Cir. 2018)). Thus, "[j]udgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *King* at 620 (citing *Scott v. Taylor*, 405 F. 3d 1251 (11th Cir. 2005)). The Court must "accept as true all material facts alleged in the non-moving party's pleading," and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F. 3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F. 3d 1367 (11th Cir. 1998)). "If a comparison of the averments in the competing pleadings reveals a dispute of fact, judgment on the pleadings must be denied." *Perez* at 1335 (citing *Stanton v. Larsh*, 239 F.2d 104 (5th Cir. 1956)). A motion for judgment on the pleadings must be denied unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations[.]" *Horsley v. Rivera*, 292 F. 3d 695, 700 (11th Cir. 2002).

---

[2] As defined in the Delaware complaint, "Properties" includes the Property at issue in this case.

Defendants have not met their burden on a motion for judgment on the pleadings, and their motion should therefore be denied.

Any allegation by Plaintiff in any action that the LLC owns the Property is **not** an admission in judicio, contrary to Defendants' argument. "A judicial admission is a statement made by a party or its counsel which has the effect of withdrawing a **fact** from contention and which binds the party making it throughout the course of the proceeding." *In re Motors Liquidation Co.*, 957 F. 3d 357, 360 (2d Cir. 2020) (emphasis added). "To constitute a judicial admission, the statement must be one of fact – **a legal conclusion does not suffice**." *Id.* (emphasis added). "In order for a judicial admission to be binding it must be one of fact and not a conclusion of law or an expression of opinion." *San Miguel Produce, Inc. v. L.G. Herndon Jr. Farms, Inc.*, 506 F. Supp. 3d 1344, 1360 (S.D. Ga. 2020) (quoting *Cameron v. Moore*, 199 Ga. App. 800 (1991)) (validity of a contract is a legal conclusion and not a judicial admission). *See also Robertson v. Riverstone Cmtys, LLC*, 849 F. App'x 795, 808 (11th Cir. 2021) (defendant's admission that plaintiff was "eligible employee" under Family and Medical Leave Act was not an admission of fact and therefore not a judicial admission); *Grimes v. Freshpoint Atlanta, Inc.*, 2021 WL 2548705, *4 (N.D. Ga. Apr. 29, 2021) (allegations that defendant had certain duties or was negligent were legal conclusions and not judicial admissions).

Here, Defendants argue Plaintiff has admitted, by way of her allegations in the Delaware action, that the LLC owns a 100% interest in the Property. *See* Doc. 16, pp. 6-7. Defendants purposefully misconstrue the totality of Plaintiff's allegations in the Delaware action. *See Geyer v. Ingersoll Publ'ns Co.*, 621 A.2d 784, 790 (Del. Ch. 1992) (on a motion to dismiss for failure to state a claim in Delaware, the court must "construe all inferences in the light most favorable to plaintiff"). *See also* FED. R. CIV. P. 8(e) (The Court must construe Plaintiff's pleadings "so as to

do justice."). But even if Plaintiff had alleged the LLC was the rightful, legal owner of the Property, such allegation would be a legal conclusion and not a binding judicial admission, since property ownership is a question of state law:

> A statement that is a legal conclusion, however, does not constitute a judicial admission. *MacDonald v. General Motors Corp.,* 110 F. 3d 337, 341 (6th Cir. 1997) (ruling that opinions and legal conclusions, as opposed to statements of fact, do not constitute binding judicial admissions); *In re Stalnaker,* 408 B.R. 440, 444–45 (Bankr. M.D. Ga. 2009).
>
> In this case, the Trustee's statement attributing a property interest to Joseph P. Malia does not constitute a judicial admission. **The Trustee's statement in the Motion that Debtors—rather than solely Debtor Jane Malia—owned the note is a legal conclusion, not a statement of fact. Ownership interests in property are determined by state law. Whether Joseph Malia has an ownership interest in the note is not a fact that can be shown with simple evidence. On the contrary, one must apply Georgia law to the facts of this case, examining whether Jane Malia took certain actions that show an intent to convert the note inherited by her alone into marital property. To state that both Debtors own the note is therefore a legal conclusion that is not binding on the Trustee as a judicial admission.**

*In re Malia*, 2012 WL 909738, *2-3 (Bankr. N.D. Ga. Feb. 8, 2012) (emphasis added). Further, Plaintiff repeatedly alleged in her Amended Complaint in the instant litigation that the executor "purported" to transfer the Property to the LLC, and any attempt to do so was an invalid transfer. *See, e.g.*, Doc. 9, ¶¶ 31, 32, 42, 87-89, 91, 93, 95. Moreover, "judicial admissions are binding for the purpose of the case in which the admissions are made, **not in separate and subsequent cases**." *Cooper v. Meridian Yachts, Ltd.*, 575 F. 3d 1151, 1178 n. 17 (11th Cir. 2009) (emphasis added). *See also Higgins v. Mississippi*, 217 F. 3d 951, 954-55 (7th Cir. 2000) ("[A] judicial admission binds only in the litigation in which it is made."). If any allegation made in the Delaware action even was a judicial admission, it would not be binding here. *Cooper* at 1178 n. 17. Construing Plaintiff's pleadings "so as to do justice" as Rule 8(e) requires, the Court should find Plaintiff has

not made a judicial admission in any proceeding that the LLC is the rightful legal owner of the Property.

The Court may only grant Defendants' motion for judgment on the pleadings if "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Horsley*, 292 F. 3d at 700. Here, Plaintiff has alleged the deed which purported to transfer the Property to the LLC was invalid and improper under Georgia law and in contravention of the Trust, and any interest the LLC allegedly held in the Property reverted back to the Trust upon Richard C. Rust's death to be distributed to Plaintiff and Defendants per stirpes. (Doc. 9, ¶¶ 32, 87) Thus, the LLC does *not* hold Plaintiff's interest in the Property. (*Id.*, ¶ 91) Therefore Defendants personally hold title to the Property and have an interest in the determination of their rights, interests, and liabilities with respect to the Property. (*Id.*, ¶ 105) Further, Defendants have been actively taking steps to market and sell the Property without Plaintiff's consent, in violation of the Trust, and should be enjoined from doing so. (*Id.*, ¶¶ 109-11) Construing these allegations in the light most favorable to Plaintiff, it is possible Plaintiff will prove facts consistent with the allegations and prevail on her claims against Defendants. *Perez*, 774 F. 3d at 1335. Therefore Defendants' motion should be denied.

### B. This Litigation Should not be Stayed

The Court has an inherent power to stay proceedings, but the "Court should not exercise" this power "lightly." *Markel Int'l Ins. Co.*, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008). "When confronted with a motion to stay, the district court must consider its own interests in an orderly disposition of its caseload, and the parties' competing interests in the two actions." *Id.* The Delaware litigation involves different claims and issues than this case. Here, Plaintiff seeks declaratory and injunctive relief limited to the Georgia real estate. *See generally* Doc. 9. In the

Delaware action, Plaintiff seeks an accounting, dissolution of the LLC, and damages for breach of contract. The two separate cases are complementary, not in conflict, and a resolution of the Delaware case in Plaintiff's favor will not resolve the matters being litigated herein.

The issue of who holds title to the Property must be decided by a court. "Georgia has a manifest interest in providing redress in a controversy concerning the sale of real property situated in this state." *Lyons Mfg. Co., Inc. v. Gross*, 519 F. Supp. 812, 817 (S.D. Ga. 1981) (quoting *Cox v. Long*, 143 Ga. App. 182 (1977)). Defendants argue a Delaware court should decide Delaware law. *See* Doc. 16, p. 10. Applying Defendants' logic, a Georgia court should decide Georgia law. Property ownership is a question of state law. *See King v. King*, 203 Ga. 811, 817 (1948) ("Law governing the title and disposition of land is exclusively subject to the laws of the State where it is situated."). The Property is in Georgia. Because of Georgia's interest in disputes over Georgia real estate, the litigation before this Court should not be stayed pending resolution of the Delaware action. A stay of this case would do nothing other than prevent Plaintiff from obtaining the relief to which she is entitled as it concerns the Property.

Defendants argue this case should be stayed since the Delaware action is farther along. On this point, Defendants make a strong argument in favor of *not* staying this case. Here Plaintiff seeks an order preventing Defendants from listing or selling the Property without Plaintiff's consent. We do not know how the Delaware action will end, or whether any final judgment will be appealed. Meanwhile, Plaintiff is still in a position of uncertainty as to whether her legal rights in the Property will be protected. Injunctive relief is required to preserve Plaintiff's interests in the Property, which are threatened by Defendants' ongoing actions with respect to the Property (for which they have no authority), including its potential sale at a price below fair market value.

00443784

Pending the resolution of the Delaware lawsuit, it only makes sense for the Court, at a minimum, to grant an interlocutory injunction in this case maintaining the status quo.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

This 20th day of December, 2021.

            WATSON SPENCE LLP
            *Attorneys for Plaintiff*

            */s/ F. Faison Middleton, IV*
            F. Faison Middleton, IV
            Georgia Bar No. 504745
            Post Office Box 2008
            Albany, Georgia 31702-2008
            (229) 436-1545 – Telephone
            (229) 436-6358 – Facsimile
            fmiddleton@watsonspence.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2021 I electronically filed the foregoing *Plaintiff's Response Brief in Opposition to Defendants Vina Elise Rust and Chakdhari Anissa Rust's Motion for Judgment on the Pleadings, or, in the Alternative, Motion to Stay Proceedings* with the Clerk of Court using the CM/ECF system, which will automatically send email notifications of such filing to all attorneys for record as follows:

Danielle C. LeJeune
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, GA 30309
dlejeune@cozen.com

Gregory T. Talley
A.A. Howell, IV
COLEMAN TALLEY LLP
109 S. Ashley Street
Valdosta, GA 31601
Greg.talley@colemantalley.com
Beau.howell@colemantalley.com

                                                */s/ F. Faison Middleton, IV*
                                                F. Faison Middleton, IV