IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>    Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

**<u>VINA ELISE RUST AND CHAKDHARI ANISSA RUST'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION TO STAY PROCEEDINGS</u>**

COME NOW, Defendants Vina Elise Rust and Chakdhari Anissa Rust, Individually and as Co-executors of the Estate of Richard C. Rust, Successor in interest as Executor of the Estate of Philip G. Rust, Jr. (hereinafter "the Rust Defendants"), and file this, their Reply Brief in Support of their Motion for Judgment on the Pleadings, or, in the Alternative, Motion to Stay Proceedings, showing the Court as follows:

**I.    INITIAL REPLY**

Again, Plaintiff attempts to distinguish the instant case from the Delaware case where the two are one and the same. She attempts to distinguish the two cases by stating in the Georgia case she "seeks declaratory and injunctive relief limited to the Georgia real estate", while in the Delaware case she "seeks an accounting, dissolution of the LLC, and damages for breach of contract." PLAINTIFF'S RESPONSE [Doc. 18, pp. 7-8.]. Essentially, Plaintiff tries to make the argument that

2 | P a g e

the Georgia case is about property, but the Delaware case is about whether Goodenow should continue on as an entity. In reality, these are the exact same issues just framed a little differently.

As an initial note, all parties agree title to Winnstead currently rests in Goodenow. There is no controversy regarding the current ownership of Winnstead, therefore, this Court should dismiss Plaintiff's claim for declaratory judgment. The only controversy among the Rust Defendants and Plaintiff is whether Goodenow should continue as an entity after RCR's death. If Goodenow should have dissolved after RCR's death, Winnstead, would be conveyed to the sisters as tenants in common. To the extent a controversy exists in the instant case, it is the continued existence Goodenow. Therefore, at a minimum, this Court should stay the instant action until the Delaware Court uses Delaware law to determine whether a Delaware limited liability company, which has a Delaware choice of law provision, should be judicially dissolved.

II.     **Plaintiff's Statement that Goodenow owns Winnstead is an Admission in Judicio.**

Interestingly, Plaintiff states that her own Verified words that Goodenow "owns a 100% undivided interest in the 'Winnstead Plantation' property, consisting of 947.924 acres of land with improvements, located on lots 165, 166, 167, 194, 195, and 196, 18th Land District on Lower Cairo Road, Thomasville, Thomas County, Georgia" should not be considered in this case. Plaintiff specifically declared, under penalty of perjury, that the facts contained in the Amended and Supplemental Complaint were true and correct.[1] As evidenced by Plaintiff's own declaration, Plaintiff knew which facts were contained in her Delaware Complaint.

In determining whether an admission is an admission in judicio, a district court "should consider whether the proposed admission was an admission of fact and the extent to which it was

---

[1] At the same time of filing this Reply Brief, the Rust Defendants have filed a Notice of Filing of the Unsworn Declaration of Pimpaktra A. Rust as an Exhibit to the same. This Declaration should have been included as part of Doc. 17-1; however, it was inadvertently left off of the initial filing.

'unequivocal, deliberate, clear, or unambiguous.'" In re Motors Liquidation Co., 957 F.3d 357, 360 (2d Cir. 2020). The relevant paragraph states:

> 56. Goodenow now consists of three series: Series A-1, B-1, and C-1….
>
> c. Series C-1 owns a 100% undivided interest in the 'Winnstead Plantation' property, consisting of 947.924 acres of land with improvements, located on lots 165, 166, 167, 194, 195, and 196, 18th Land District on Lower Cairo Road, Thomasville, Thomas County, Georgia.

[Doc. 17-1].

Courts should distinguish between admissions of fact and legal conclusions, but the paragraph above is an admission of fact. It is a fact that Goodenow currently holds a 100% undivided interest in Winnstead. Everyone agrees title rests in Goodenow. This fact does not speak to the issue of whether Goodenow should have continued on as an entity after RCR's death. Goodenow's continuation as an entity is not an issue for this Court. Put simply, there is no controversy as to current ownership of Winnstead. Ownership currently rests in Goodenow. Therefore, this case should be dismissed.

Plaintiff also takes the position her own unequivocal statements do not amount to judicial admissions because judicial admissions are not binding in "separate and subsequent cases." PLAINTIFF'S RESPONSE [Doc. 18, p.6]. What Plaintiff fails to realize is that the Georgia case and the Delaware case, though pending in different courts are in essence the same case, happening simultaneously. Surely it was not the intention of the 11th Circuit to allow a plaintiff to take one position in one Court and then take a completely different position in another court once the original case was not going their way. Plaintiff has unequivocally stated Goodenow owns Winnstead. There is no controversy as to current ownership, whereby this Court should dismiss the instant case.

4 | P a g e

### III.  In the Alternative, this Action MUST Be Stayed.

If any controversy exists between the parties, it is whether Goodenow should continue to exist as an entity. *See* PLAINTIFF'S AMENDED COMPLAINT, ¶¶ 39-40 [Doc. 9, pp. 8-9] ("After RCR's death the Sisters appointed themselves as successor managers of the LLC, pursuant to section 4.1(c) of article IV of the Operating Agreement, holding authority limited to assisting with the distribution of the Trust principal together with BMTC, and those administrative processes associated with unwinding the LLC consistent with the terms of the Trust in accordance with the Trust Agreement. The Operating Agreement anticipated and allowed for the termination of the LLC by the LLC managers, Section VII (8). It also anticipated and allowed for judicial dissolution if the LLC managers did not unwind and dissolve the LLC.").[2] Who should have ownership of Winnstead moving forward (it is undisputed that current ownership rests in Goodenow) is necessarily dictated by whether Goodenow should continue as an entity. If Goodenow is dissolved, the sisters will receive title to Winnstead as tenants in common.

Despite Plaintiff's attempt to frame the instant matter as a Georgia case, the only relationship this case has to Georgia is that Winnstead lies in Thomas County. To determine ownership moving forward, a court must decide the following points:

- Whether the PGR Trust Agreement allowed RCR to distribute the property to his daughters how he saw fit;

- Whether RCR intended to distribute the property through distribution of membership interests in Goodenow; and

---

[2] The Rust Defendants deny the Trust Agreement calls for the unwinding of the LLC. ANSWER [Doc. 12, ¶39]. The Rust Defendants deny the Operating Agreement anticipated and allowed for the termination of the LLC by the LLC managers. Id. ¶40.

4 | P a g e

- Whether the Goodenow Operating Agreement called for dissolution after Goodenow's death.

As stated previously, the PGR Trust Agreement and the Goodenow LLC Agreement are governed by Delaware law. The Delaware Court should decide these issues.

Plaintiff states "[a] stay of this case would do nothing other than prevent Plaintiff from obtaining the relief to which she is entitled as it concerns the Property." Plaintiff's Response [Doc. 18, p. 8]. However, Plaintiff has failed to rebut the fact that resolution of the Delaware case will necessarily mean a determination as to ownership moving forward of Winnstead. Additionally, Plaintiff states that the fact that the Delaware action is further along makes "a strong argument in favor of *not* staying this case". Id. However Plaintiff fails to give any explanation as to why this would be the case. The Delaware action is set for trial in April. Because the Delaware case would resolve any alleged controversies in the instant case, it only makes sense that this case should be stayed in order to preserve judicial resources.

## IV.    Conclusion

This Court should dismiss the instant case as there is no controversy as to current ownership. In the event the Court determines not to dismiss the instant action, a stay is both appropriate and necessary.

Respectfully submitted this 3rd day of January, 2022.

| | |
|---|---|
| 109 S. Ashley Street<br>Valdosta, GA  31601<br>(229) 242-7562<br>(229) 333-0885 facsimile<br>Greg.talley@colemantalley.com<br>Beau.howell@colemantalley.com<br>Kayla.barnes@colemantalley.com | **COLEMAN TALLEY LLP**<br><br>/s/ *Gregory T. Talley*<br>Gregory T. Talley<br>Georgia Bar No. 696705<br>A.A. Howell, IV<br>Georgia Bar No. 689955<br>Kayla H. Barnes<br>Georgia Bar No. 301948 |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PIMPAKTRA RUST<br><br>    Plaintiff,<br><br>vs.<br><br>VINA E. RUST, CHAKDHARI A. RUST, and THE BRYN MAWR TRUST COMPANY OF DELAWARE<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 7:21-cv-00105-HL |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that he has this day mailed a copy of the foregoing **VINA ELISE RUST AND CHAKDHARI ANISSA RUST'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION TO STAY PROCEEDINGS** in an envelope properly addressed and with sufficient postage thereon for delivery, to:

Frank Faison Middleton, IV
Watson Spence LLP
P.O. Box 2008
320 W. Residence Ave.
Albany, Georgia 31702-2008

Danielle C. Le Jeune
1230 Peachtree Street NE, Suite 400
Atlanta, GA 30309

This 3rd day of January, 2022.

4870-8273-2040, v. 1

| | |
|---|---|
| 109 S. Ashley Street<br>Valdosta, GA  31601<br>(229) 242-7562<br>(229) 333-0885 facsimile<br>Greg.talley@colemantalley.com<br>Beau.howell@colemantalley.com<br>Kayla.barnes@colemantalley.com | **COLEMAN TALLEY LLP**<br><br>*/s/ Gregory T. Talley*<br>Gregory T. Talley<br>Georgia Bar No. 696705<br>A.A. Howell, IV<br>Georgia Bar No. 689955<br>Kayla H. Barnes<br>Georgia Bar No. 301948 |

4870-8273-2040, v. 1