**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **PIMPAKTRA RUST,**<br><br>      Plaintiff.<br><br>v.<br><br>**VINA ELISE RUST,** *et al.*,<br><br>      Defendants. | Case No. 7:21-CV-105 (HL) |

**ORDER**

Before the Court is the Plaintiff Pimpaktra Rust's Motion for Leave to Amend Complaint and Join Goodenow LLC as a Defendant (Doc. 42). For the following reasons, that motion (Doc. 42) is **GRANTED.**

Plaintiff seeks to amend her complaint to add a claim against Goodenow for declaratory judgment "that (a) the deed of the [property at issue] to Goodenow was an invalid transfer, or in the alternative, was limited to the life of Richard C. Rust; and (b) Goodenow does not hold title to the [property at issue.]" (Doc. 42 at 2.) Plaintiff "seeks to join Goodenow out of an abundance of caution in the event that the Court finds it is a necessary or indispensable party." (*Id.* at 3 (*citing Hudson v. Newell*, 172 F.2d 848, 852 (5th Cir. 1949).) Plaintiff also cites Defendants' use of the affirmative defense that Plaintiff failed to join an indispensable party and

permissive joinder under Federal Rule of Civil Procedure 20 as reasons for the proposed amendment and joinder. (*Id.* at 3-5.)

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Amendment may be denied in instances where "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; where allowing amendment would cause undue prejudice to the opposing party; or where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Plaintiff timely filed the motion for leave to amend, and there is no indication of bad faith or dilatory motive. The amendment should not unduly prejudice either the current defendants or the proposed defendant, as Defendants have been aware of Goodenow's relation to the case since its inception and Goodenow has had notice of this case since it was filed, as all of Goodenow's co-managers are already parties to the case. Additionally, Defendants have not opposed Plaintiff's motion. Therefore, the Court finds no reason to deny leave to amend the complaint.

Accordingly, Plaintiff's Motion for Leave to Amend Complaint and Join Goodenow LLC as a Defendant (Doc. 42) is **GRANTED.**

**SO ORDERED** this 6th day of April, 2023.

*s/Hugh Lawson*<br>**HUGH LAWSON, SENIOR JUDGE**

aem